FILED
SUPERIOR COURT
OF GUAM

2022 MAR 17 PM 5: 42

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| AMANDA MICHELLE HERNANDEZ,<br><br>Petitioner,<br><br>vs.<br><br>SERGIO ALEJANDRO HERNANDEZ,<br>n.k.a. SERGIO ALEJANDRO BRILL,<br><br>Respondent. | CASE NO. FO0002-21<br><br><br><br>**DECISION AND ORDER**<br>*Granting Competing Motions to Strike* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 18, 2022 for a motion hearing on the competing Motions to Strike. Petitioner Amanda Michelle Hernandez ("Petitioner") is represented by Attorneys Mark Williams and William Gavras. Respondent Sergio Alejandro Hernandez, n.k.a. Sergio Alejandro Brill ("Respondent") is represented by Attorney Catherine Bejerana Camacho.

Having considered the arguments and the applicable law, the Court hereby **GRANTS** the competing Motions to Strike.

## BACKGROUND

This case involves a mother's petition to register and modify an out-of-state custody order and to seek temporary visitation with her minor child. Both Petitioner Amanda Michelle Hernandez and Respondent Sergio Alejandro Hernandez (collectively the "Parties") share one minor child whose initials are S.A.B. (DOB: 01/11/2014) ("Minor"). On May 11, 2021,

Petitioner filed the Verified Petition for Modification of Out-of-State Child Custody Determination; Application to Register and Modify Out-of-State Custody Order; and Motion for Temporary Visitation ("Petition and Motion"), along with a supporting memorandum and declaration. The Petition and Motion were accompanied by CVR 7.1 Form 1, which specified the briefing schedule and deadline to file the opposition and reply briefs. Respondent's Verified Answer; Opposition and Response; and Affidavit were filed timely on June 8, 2021. Petitioner filed a late Reply on July 13, 2021.

On August 9, 2021, Respondent filed a Declaration which in part referenced the existence of the Minor's medical records (the declaration was signed on August 6, 2021 and will hereinafter be referenced as the "August 6 Declaration"). The Minor's medical records were released on July 20, 2021, and were not available when Respondent filed his Opposition. *See* Mot. to Strike Pet'r's Reply p. 2 (Aug. 27, 2021). On August 9, 2021, Attorney William Gavras entered his appearance as co-counsel for the Petitioner. That same day, he filed a Motion to Strike Respondent's August 6 Declaration. Respondent filed a Response to Petitioner's Motion to Strike on September 8, 2021. Respondent then similarly filed a Motion to Strike Petitioner's Reply on August 27, 2021.

A hearing was scheduled for June 21, 2021; however, the Parties stipulated to a continuance based on the unavailability of Petitioner's counsel. At the first hearing held on August 10, 2021, the Court granted the registration of the Out-of-State Custody Order and discussed the possibility of appointing a Guardian ad Litem for the Minor. A status hearing was also held on August 31, 2021, wherein the Parties agreed to utilize counseling services for the Minor from Client Services and Family Counseling ("CSFC") with the Superior Court of Guam. This was memorialized in an Order After Hearing signed by the Court on January 18,

2022. On January 31, 2022, the Court further appointed Attorney Joshua Walsh to serve as Guardian ad Litem for the Minor.

A hearing on the competing Motions to Strike was held on January 18, 2022, after which the Court took both Motions to Strike under advisement.

## DISCUSSION

The competing Motions to Strike are based in part on the timeliness of the reply brief and August 6 Declaration. Each Motion to Strike relies on the Local Rules of the Superior Court, and in particular CVR 7.1(d), which specifies deadlines to file an opposition and reply brief with the Court. As discussed below, the Court will grant the competing Motions to Strike based on untimeliness under CVR 7.1(d).

**I.      THE COURT STRIKES RESPONDENT'S AUGUST 6 DECLARATION AS UNTIMELY.**

Petitioner moves the Court to strike Respondent's August 6 Declaration based on a violation of CVR 7.1(d)(1). Pursuant to CVR 7.1)(d)(1), the opposing party may file and serve an opposition containing a supporting memorandum of points and authorities, evidence upon which the opposing party relies, and any affidavits or declarations within twenty-eight (28) days of the filing of the motion. *See* CVR 7.1(d)(1).

Here, Respondent's August 6 Declaration is directed toward the Petition and Motion filed on May 11, 2021. As such, it is subject to CVR 7.1(d)(1), which provides that the opposing party has 28 days to file any affidavits, declarations or evidence upon which the opposing party relies. Because the Petition and Motion were filed on May 11, 2021, Respondent had until June 8, 2021 to file an opposition, supporting evidence, affidavits and declarations. However, Respondent's August 6 Declaration was filed nearly three months later on August 9, 2021, and is therefore beyond the 28 day deadline. Because it is untimely, the August 6, 2021 Declaration

will be stricken from the record. As this is dispositive of Petitioner's Motion to Strike, the Court need not address Petitioner's hearsay argument.

**II. THE COURT STRIKES PETITIONER'S REPLY FILED ON JULY 13, 2021 AS UNTIMELY.**

Respondent moves the Court to strike Petitioner's Reply filed on July 13, 2022 based on a violation of CVR 7.1(d)(2). Under CVR 7.1(d)(2), the moving party may file and serve a reply within forty-two (42) days from the filing of the motion. Local Rule CVR 7.1(d)(1)(3) allows parties to stipulate to an extension for filing a reply without court order, however, any such extension may not exceed seven (7) days from the original deadline.

Here, because the Petition and Motion were filed on May 11, 2021, Petitioner had 42 days, or until June 22, 2021, to file a reply brief. Unfortunately, Petitioner filed her Reply on July 13, 2021, which is well beyond the 42 day deadline. Petitioner prepared and filed the CVR 7.1 Form 1, which specifically indicated that the reply brief was due on June 22, 2021. This shows that Petitioner was aware of the deadline. While a Stipulation and Order for Continuance was signed by the Parties on June 17, 2022, this stipulation did not extend the reply brief deadline. Furthermore, the Parties are only permitted to stipulate to a seven day extension without a court order, and the July 13, 2021 Reply was filed 21 days after the June 22 deadline. For these reasons, the Court strikes Petitioner's July 13, 2021 Reply as untimely.

<u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** the Motion to Strike Respondent's August 6, 2021 Declaration and also **GRANTS** the Motion to Strike Petitioner's Reply Filed on July 13, 2021.

A hearing on the Petition for Modification of Out-of-State Child Custody Determination and Motion for Temporary Visitation will be held on May 17, 2022 at 10 a.m. via Zoom (Meeting ID: 7524255848; Passcode: JARB).

**IT IS SO ORDERED** MAR 1 7 2022 _____.

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam